UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FARHAD ZAGHI,

           Plaintiff,

v.

STATE FARM GENERAL INSURANCE
COMPANY and DOES 1 through 50,
inclusive,

           Defendants.

Case No. C-14-04827-RMW

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

[Re: Docket No. 4]

      Defendant State Farm General Insurance Company ("State Farm") moves to dismiss the complaint. Dkt. No. 4. The court held a hearing on this motion on January 9, 2015. For the reasons explained below, the court GRANTS State Farm's motion to dismiss.

### I.  Background

      This case arises out of the parties' dispute over insurance proceeds paid by State Farm to its insureds, Karapet Gayanya and Karine Osmanyen ("the insureds"), following the destruction of their house by fire on January 4, 2014. Dkt. No. 1, Ex. 1, at ¶ 7. The insureds purchased the house by means of a hard money mortgage from plaintiff Farhad Zaghi, secured by a deed of trust on the property. *Id*. at ¶¶ 6, 9. The house was insured by State Farm under Policy of Insurance No. 71-CR-KR247-7 ("the policy"). *Id*. at ¶ 5. As of the date the fire occurred—January 4, 2014—plaintiff was not listed on the policy, despite a requirement in the deed of trust held by plaintiff that the insureds name plaintiff as an additional insured. *Id*. at ¶¶ 6, 8.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Plaintiff alleges that on January 13, 2014, following a conference call with plaintiff and the insureds, an agent for State Farm, Rosey Gyadakyan, agreed to and issued an amended declaration page designating plaintiff as a mortgagee and an additional insured under the policy. *Id*. at ¶ 8. The complaint alleges that State Farm subsequently received a fire report stating that plaintiff was the first mortgagee on the property and made a written notation in their file confirming that plaintiff had been added as an additional insured and that plaintiff had a hard money loan secured by a deed of trust on the property. *Id*. at ¶ 9, 10. The complaint also alleges that on February 25, 2014 State Farm and its adjuster Dan Corona received a copy of plaintiff's deed of trust. *Id*. at ¶ 11. Finally, on March 10, 2014 State Farm issued a check in the amount of $2,850,000.00 to the insureds alone, without including plaintiff's name. *Id*. at ¶ 12.

Plaintiff filed this suit in Santa Clara County Superior Court on September 19, 2014. *See* Dkt. No. 1, Ex. 1. Defendant removed the case to this court on October 30, 2014. *Id*. The complaint recites causes of action for breach of contract and negligence, and seeks punitive damages. *Id*. State Farm moved to dismiss the complaint, Dkt. No. 4, and requested the court take judicial notice of the insurance policy and the deed of trust, Dkt. Nos. 5, 5-1, 5-2. Plaintiff filed an opposition, Dkt. No. 10, and a request for judicial notice of various internal state farm documents, Dkt. No. 11. State farm filed a reply, Dkt. No. 15, and a request for judicial notice of a state court complaint filed by plaintiff against the insureds in a separate case, Dkt. No. 16.

## II.  Analysis

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*

1   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court

2   to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

3   "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task

4   that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

5       In ruling on a motion to dismiss, the court may consider materials attached to and submitted

6   with the complaint. *US. v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011). The court may

7   also take judicial notice of and consider unattached evidence on which the complaint relies if: (1)

8   the complaint refers to the document; (2) the document is central to the plaintiffs claim; and (3) no

9   party questions the authenticity of the document. *Id.* Because the complaint refers to the insurance

10  policy at issue in this case, it is central to plaintiff's claim, and no party disputes its authenticity, the

11  court takes judicial notice of that document.[1]

12      The complaint recites two causes of action: (1) breach of contract; and (2) negligence. *See*

13  Dkt. No. 1, Ex. 1 The court addresses each in turn.

14  **A.  Breach of Contract**

15      Plaintiff alleges that State Farm breached the insurance policy at issue in this case by failing

16  to name plaintiff on the March 10, 2014 settlement check. For the following reasons, the court finds

17  that plaintiff has failed to plead a cause of action for breach of contact.

18      Insurance policies are contracts to which the ordinary rules of contract interpretation apply.

19  *Travelers Cas. & Sur. Co. v. Transcon. Ins. Co.*, 122 Cal. App. 4th 949, 955 (2004); *see also Bank*

20  *of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992). The parties do not dispute that the

21  policy here is a contract formed in California and governed by California law. Accordingly,

22  California's substantive insurance law governs this diversity case. *Freeman v. Allstate Life Ins. Co.*,

23  253 F.3d 533, 536 (9th Cir. 2001). In construing the policy's terms, the court applies California law

24  governing interpretation of contracts, which "teach[es] us that the overriding goal of interpretation is

25  to give effect to the parties' mutual intentions as of the time of contracting." *Shaw v. Regents of the*

26  *Univ. of Cal.*, 58 Cal. App. 4th 44, 53 (1997) (citation omitted). "Where contract language is clear

27  and explicit and does not lead to absurd results, we ascertain intent from the written terms and go no

28

---

[1] Because the court does not rely on the other documents for which the parties seek judicial notice, these requests are denied as moot.

further." *Ticor Title Ins. Co. v. Employers Ins. of Wausau*, 40 Cal. App. 4th 1699, 1707 (1995); *see also* Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."); *id.* § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . .").

In California, recovery of proceeds under an insurance contract is generally limited to the named insureds. *Bonaparte v. Allstate Ins. Co.*, 49 F.3d 486, 488 (9th Cir. 1994); *see also Russell v. Williams*, 58 Cal.2d 487 (1962) (per curiam). This is because "insurance does not insure the property covered thereby, but is a personal contract indemnifying the insured against loss resulting from the destruction of or damage to his interest in that property." *Russell*, 58 Cal.2d at 490.

Here, plaintiff admits that he was not a named insured on the policy on the date of loss. Dkt No. 1, Ex. 1, at ¶ 8 (several days after the fire, "[o]n or about January 6, 2014, [p]laintiff was informed that the property owners failed to designate [p]laintiff as an additional insured in violation of the subject deed of trust"). Plaintiff nevertheless argues that he was party to and covered by the insurance policy. Dkt. No. 10, at 5–6, 8–9.

### 1. Plaintiff Was Not a Party to the Insurance Contract

Plaintiff's argument that he was a party to the policy proceeds as follows: "The subject policy had a standard loss payable clause. Plaintiff is named in the policy. Plaintiff is a party to the insurance contract." *Id.* at 9. The court is not convinced, for several reasons.

First, plaintiff does not explain how a standard loss payable clause renders him a party to the contract. Plaintiff merely quotes *Home Sav. of Am., F.S.B. v. Cont'l Ins. Co.*, 87 Cal. App. 4th 835, 842 (2001), which states that "there are two contracts of insurance within the policy-one with the lienholder and the insurer and the other with the insured and the insurer." *Id.* But as defendants note, in *Home Sav. of Am.* the mortgagee was a *named* insured under the policy at issue. 87 Cal. App. 4th at 839. *Home Sav. of Am.* does not stand for the proposition that a standard loss payable clause renders unnamed mortgagees parties of an insurance policy.

Second, plaintiff's argument glosses over the fact that he was not named in the policy at the time of loss, a fact which plaintiff does not dispute. First party property insurance, such as that at

United States District Court
For the Northern District of California

issue here, "cannot be obtained for damage which has already occurred because the absence of risk precludes coverage." *Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 692 (1995).

The terms of the policy are clear that State Farm is required to pay claims to a mortgagee only if the mortgagee is named in the policy. Dkt No. 5-1, at 15, ¶ 10 ("If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortagee and you, as interests appear."). "If contractual language is clear and explicit, it governs." *Powerline Oil Co., Inc. v. Superior Court*, 37 Cal. 4th 377, 390 (2005). Plaintiff was not a named insured on the date of loss, and provides no support for his argument that adding him to the policy after the loss made him a party to the contract such that he was entitled to the insurance proceeds paid out by State Farm, and which would support his cause of action for breach of contract.

This conclusion is supported by the Ninth Circuit's holding in *Bonaparte.* In *Bonaparte*, the court concluded that a mortgagee who was not a named insured on the policy on the date of loss could not retroactively add himself to the policy. 49 F.3d at 488–489. The mortgagee in that case was not named in the policy, and therefore sought to reform the contract to reflect the intent of the parties. *Id*. at 488. The court held that the fact that, like here, both the mortgagee and mortgagor intended to name the mortgagee under the policy did not support reformation to retroactively add the mortgagee. *Id*. Reformation would be proper, the court found, only if the other party to the contract—the insurer—also intended the mortgagee to be named as an insured in the policy. *Id*. Here, although Plaintiff does not plead a cause of action for reformation, his argument could be read as seeking reformation of the policy to include him as a named insured. Even so construed, however, plaintiff has not alleged that State Farm intended plaintiff to be listed as a named insured before the date of loss.

### 2. Plaintiff's Rights Under the Deed of Trust Do Not Support a Breach of Contract Cause of Action Against State Farm

Plaintiff also contends that he was covered under the subject policy as a mortgagee, and therefore entitled to receive payment under the policy. Dkt. No. 10, at 5.

1    First, plaintiff argues that he is listed on the amended declarations as a mortgagee.[2] *Id*.

2    However, as discussed above, plaintiff provides no support for his contention that adding his name

3    to the policy after the date of loss entitles him to the payment of policy proceeds for an existing loss.

4    Second, plaintiff argues that "California courts have always recognized that a mortgagee has

5    a legal right to insurance proceeds, if said right is provided in the Deed of Trust." *Id*. at 6. In support

6    of this argument, Plaintiff cites *Fruehauf Corp. v. Royal Exch. Assur. of Am., Inc*., 704 F.2d 1168,

7    1171 (9th Cir. 1983). In *Fruehauf*, the plaintiff was a secured creditor who, like plaintiff, was not

8    named as an additional insured or loss payee in an insurance policy obtained by the mortgagor. *Id*.

9    The Ninth Circuit concluded that "Fruehauf's security interest in the tractors [did] not make it a

10   party to the insurance contract." *Id*. The court nevertheless noted, in dicta, that where "a mortgagor

11   agrees to have a mortgagee named as an additional insured or loss-payee and breaches that

12   agreement, the mortgagee has an equitable lien on the proceeds of the mortgagor's policy." *Id*. at

13   1171–1172. Also in dicta, the court stated that in such a situation, a secured creditor might have an

14   equitable right to bring an action against the insurer under the policy. *Id*. at 1171.

15   However, the relevant language in *Fruehauf* is dicta and the case *Fruehauf* cites in support is

16   distinguishable from the facts of this case. The Ninth Circuit cites *Woody v. Lytton Savings and*

17   *Loan Association* in support of its dictum that a secured creditor may have an equitable right to

18   pursue the insurer. *Id*. at 1171 (citing *Woody v. Lytton Savings and Loan Assoc.*, 229 Cal. App. 2d

19   641, 646 (1964)). In *Woody*, mortgagors brought suit against a *named* mortgagee who had already

20   been paid proceeds by an insurance company to cover fire loss. *Woody*, 229 Cal. App. 2d at 643.

21   The mortgagee was named in the policy as a beneficiary, and the court held that the mortgagee was

22   entitled to the proceeds and was not required to pay them over to the mortgagors. *Id*. at 644. Unlike

23   in *Woody*, plaintiff here was not named in the insurance policy. Because this case is distinguishable

24   from *Woody* and the Ninth Circuit's dicta in *Fruehauf* is not binding, the court concludes that

25   plaintiff has failed to plead a cause of action for breach of contract.

26   _____

27   [2] Plaintiff also states that pursuant to Cal. Ins. Code § 572, as a mortgagee plaintiff is a loss payee.
     Dkt No. 10, at 5. However, Section 572 defines a loss payee to include mortgagees for the purposes
     of certain code sections regarding payments to contractors instead of owners. *See* Cal Ins. Code §§

28   570–572. Plaintiff does not explain how his status as a loss payee under Cal. Ins. Code § 572 is
     relevant to the disposition of this case.

United States District Court
For the Northern District of California

1        In sum, plaintiff was neither a party to the contract nor named in the policy before the date

2   of loss, and accordingly has failed to make out a cognizable cause of action for breach of contract.

3   Because plaintiff's cause of action for breach of contract fails as a matter of law it is dismissed with

4   leave to amend.

5        **B.  Negligence**

6        In the complaint, plaintiff also alleges that State Farm was negligent in issuing a check to the

7   insureds that did not list plaintiff as a loss payee. Dkt. No. 1, Ex. 1, ¶ 19. According to plaintiff,

8   State Farm's policy required it to list plaintiff, as a mortgagee, when it paid proceeds under the

9   policy to the insureds. *Id.* at ¶ 18.

10       In its motion to dismiss, defendants argue that California law does not recognize a cause of

11  action for negligence based on an insurer's handling of a claim. Docket No. 4, at 8 (citing *Sanchez*

12  *v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249, 254 (1999) ("Negligence is not

13  among the theories of recovery generally available against insurers.")); *see also Aceves v. Allstate*

14  *Ins. Co.*, 68 F.3d 1160, 1166 (9th Cir. 1996) (holding that negligence alone is not sufficient to

15  constitute a breach of the implied covenant of good faith and fair dealing owed to insureds).

16       Plaintiff now appears to concede that he has no viable negligence cause of action, and in his

17  opposition makes the argument that State Farm unreasonably and in bad faith denied payment of

18  benefits to plaintiff. Dkt. No. 10, at 7 (citing *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062,

19  1073 (2007). Accordingly, the court GRANTS defendants motion to dismiss plaintiff's cause of

20  action for negligence.[3] Plaintiff's cause of action for negligence is dismissed with leave to amend.

21                                 **III.  Order**

22       For the foregoing reasons, the court GRANTS State Farm's motion to dismiss. Plaintiff's

23  causes of action for breach of contract and negligence are dismissed without prejudice. The court

24  grants plaintiff 20 days leave to amend the complaint. Plaintiff must file a first amended complaint

25  no later than January 29, 2015.

26

27

28
_____
[3] Defendants also move to strike plaintiff's prayer for punitive damages. Dkt. No. 4, 13–14.
However, this request is moot in light of the court's dismissal of plaintiff's negligence cause of
action, and the court need not address it.

ORDER GRANTING MOTION TO DISMISS
Case No. C-14-04827-RMW
EDB                                         - 7 -

1

Dated: January 9, 2015

2

Ronald M. Whyte
United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ORDER GRANTING MOTION TO DISMISS
Case No. C-14-04827-RMW
EDB

- 8 -