1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                        NORTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| FARHAD ZAGHI,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE FARM GENERAL INSURANCE<br>COMPANY, et al.,<br><br>                    Defendants. | Case No.  14-cv-04827-RMW<br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART MOTION TO<br>DISMISS FIRST AMENDED<br>COMPLAINT**<br><br>Re: Dkt. No. 26 |

14        Defendant State Farm General Insurance Company ("State Farm") moves to dismiss

15  plaintiff Farhad Zaghi's first amended complaint ("FAC"). Dkt. Nos. 21, 26. The court held a

16  hearing on this motion on March 27, 2015. For the reasons explained below, the court GRANTS

17  State Farm's motion to dismiss as to the breach of contract and negligence claims but DENIES the

18  motion as to the equitable estoppel claim (or, more accurately, promissory estoppel claim).

19                                    **I.  Background**

20        This case arises out of the parties' dispute over insurance proceeds paid by State Farm to

21  its insureds, Karapet Gayanya and Karine Osmanyen ("the insureds"), following the destruction of

22  their house by fire on January 4, 2014. Dkt. No. 21 at ¶ 7. The insureds purchased the house by

23  means of a hard money mortgage from plaintiff Farhad Zaghi, secured by a deed of trust on the

24  property. *Id*. at ¶¶ 6, 14. The house was insured by State Farm under Policy of Insurance No. 71-

25  CR-KR247-7 ("the policy"). *Id*. at ¶ 5. As of the date the fire occurred—January 4, 2014—

26  plaintiff was not listed on the policy despite a requirement in the deed of trust held by plaintiff that

27  the insureds name plaintiff as an additional insured. *Id*. at ¶¶ 6, 9.

28  ORDER RE: MOTION TO DISMISS FAC

United States District Court
Northern District of California

Plaintiff alleges that following a conference call with plaintiff and the insureds, on January 13, 2014, Rosey Gyadakyan, an agent for State Farm, agreed to and issued an amended declaration page designating plaintiff as a mortgagee and an additional insured under the policy. *Id*. at ¶ 10. According to the FAC, plaintiff and the insureds informed Ms. Gyadakyan that they "wanted to make sure that Plaintiff would be named on any insurance settlement check issued in regards to the subject fire." *Id*. The FAC alleges that Ms. Gyadakyan "confirmed" to plaintiff and the insureds the following: (1) "that Plaintiff would have all the rights of an insured as if Plaintiff had originally been named on the original Declarations Page;" (2) "that Plaintiff would be named on any settlement check that related to the subject fire;" and (3) "that the policy allowed Defendants to add Plaintiff as a mortgagee and loss payee and there were no exclusions that would prevent Plaintiff from being named on any settlement check for the subject fire despite Plaintiff being added to the Declaration Page after the fire occurred." *Id*. The revised declaration page listing plaintiff as mortgagee states that the subject policy is effective from July 9, 2013 to July 9, 2014, *see* Dkt. No. 21-2, Ex. C, at ECF p. 22, and a premium notice sent by State Farm to the insureds for the billing period from July 9, 2013 to July 9, 2014 states that plaintiff is the mortgagee, *see* Dkt. No. 21-2, Ex. D, at ECF p. 24.

Plaintiff attached to the FAC an internal State Farm document which states that plaintiff is "1st Additional Type: PAY." Dkt. No. 21-2, Ex. E., at ECF p. 26. Plaintiff alleges that this document, which is dated "14/02/01," was backdated to January 2, 2014, a date before the fire. Dkt. No. 21, at ¶ 13. Also attached to the FAC is an internal State Farm document, dated after the fire, which states "PLEASE ADD AS LOSS PAYEE: PH HAS A 'PERSONAL HARD MONEY LOAN,'" Dkt. No. 21-2, Ex. F, at ECF p. 28. Plaintiff contends that this document authorized adding plaintiff as a loss payee on the policy. Dkt. No. 21, at ¶ 13.

The FAC also alleges that between the time of the fire and the issuance of a settlement check to the insureds, State Farm received a fire report stating that plaintiff was the first mortgagee on the property and made a written notation in their file confirming that plaintiff had been added as an additional insured and that plaintiff had a hard money loan secured by a deed of

ORDER RE: MOTION TO DISMISS FAC

United States District Court
Northern District of California

1    trust on the property. *Id*. at ¶¶ 16, 17. The FAC also alleges that on January 25, 2014 State Farm

2    and its adjuster received a copy of plaintiff's deed of trust. *Id*. at ¶ 23. Finally, on March 10, 2014

3    State Farm issued a check in the amount of $2,850,000.00 to the insureds alone, without including

4    plaintiff's name. *Id*. at ¶ 12.

5         Plaintiff filed this suit in Santa Clara County Superior Court on September 19, 2014. *See*

6    Dkt. No. 1, Ex. 1. Defendant removed the case to this court on October 30, 2014. *Id*. The initial

7    complaint recited causes of action for breach of contract and negligence, and sought punitive

8    damages. *Id*. State Farm moved to dismiss the complaint, Dkt. No. 4, and requested the court take

9    judicial notice of the insurance policy and the deed of trust, Dkt. Nos. 5, 5-1, 5-2. Plaintiff filed an

10   opposition, Dkt. No. 10, and a request for judicial notice of various internal state farm documents,

11   Dkt. No. 11. State farm filed a reply, Dkt. No. 15, and a request for judicial notice of a state court

12   complaint filed by plaintiff against the insureds in a separate case, Dkt. No. 16. On January 9,

13   2015, the court granted State Farm's motion to dismiss. Dkt. No. 18. The court found that

14   plaintiff's breach of contract claim failed because: (1) plaintiff was not a party to the insurance

15   contract; and (2) plaintiff's rights under the deed of trust did not support a breach of contract claim

16   against State Farm. *Id*. at 4–7. The court also found that plaintiff had conceded his negligence

17   claim by making a bad faith argument in its opposition. *Id*. at 7. The court accordingly dismissed

18   the complaint, with leave to amend.

19        Plaintiff filed his FAC on January 29, 2015. Dkt. No. 21. The FAC adds new factual

20   allegations, and adds a cause of action for equitable estoppel, in addition to those for breach of

21   contract and negligence.[1] *Id*. at 9. On February 17, 2015 State Farm moved to dismiss the FAC.

22

23

24   _____

[1] Plaintiff also amended the FAC to add State Farm's agent Jim Olson as a defendant. *See* Dkt.
25   No. 21, ¶ 3 (alleging Olson's citizenship). However, because Olson is mentioned only in the
     caption and in one paragraph alleging his citizenship, State Farm moved to drop and dismiss
26   Olson. Dkt. No. 26, at 17. Because plaintiff failed to oppose the motion, the court GRANTS State
     Farm's motion to drop and dismiss Jim Olson in full. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th
27   Cir.1995) (per curiam) (a party's failure to oppose a motion is sufficient basis to grant the motion).
     Plaintiff conceded at the hearing on the motion that he would not pursue a claim against Olson.
28   ORDER RE: MOTION TO DISMISS FAC

1    Dkt. No. 26. Plaintiff filed an opposition on March 3, 2015, Dkt. No. 27, and State Farm replied

2    on March 9, 2015, Dkt. No. 28.

3                                        **II.  Analysis**

4            A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

5    sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering

6    whether the complaint is sufficient to state a claim, the court must accept as true all of the factual

7    allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the

8    Court need not accept as true "allegations that contradict matters properly subject to judicial notice

9    or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

10   unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

11   While a complaint need not allege detailed factual allegations, it "must contain sufficient factual

12   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at

13   678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible

14   when it "allows the court to draw the reasonable inference that the defendant is liable for the

15   misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for

16   relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

17   experience and common sense." *Id*. at 679.

18           In ruling on a motion to dismiss, the court may consider materials attached to and

19   submitted with the complaint. *U.S. v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011). The

20   court may also take judicial notice of and consider unattached evidence on which the complaint

21   relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's

22   claim; and (3) no party questions the authenticity of the document. *Id*. Because the complaint

23   refers to the insurance policy at issue in this case and various internal State Farm documents

24   attached to the FAC, the documents are central to plaintiff's claim, and no party disputes their

25   authenticity, the court takes judicial notice of the documents.

26           The complaint recites three causes of action: (1) breach of contract; (2) negligence; and (3)

27   equitable estoppel. *See* Dkt. No. 21. The court addresses each in turn.

28   ORDER RE: MOTION TO DISMISS FAC

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A. Breach of Contract

Plaintiff alleges that State Farm breached the insurance policy at issue in this case by failing to name plaintiff on the March 10, 2014 settlement check. For the following reasons, the court finds that plaintiff has failed plead a cause of action for breach of contact.

Insurance policies are contracts to which the ordinary rules of contract interpretation apply. *Travelers Cas. & Sur. Co. v. Transcon. Ins. Co.*, 122 Cal. App. 4th 949, 955 (2004); *see also Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992). The parties do not dispute that the policy here is a contract formed in California and governed by California law. Accordingly, California's substantive insurance law governs this diversity case. *See Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001). In construing the policy's terms, the court applies California law governing interpretation of contracts, which "teach[es] us that the overriding goal of interpretation is to give effect to the parties' mutual intentions as of the time of contracting." *Shaw v. Regents of the Univ. of Cal.*, 58 Cal. App. 4th 44, 53 (1997) (citation omitted). "Where contract language is clear and explicit and does not lead to absurd results, we ascertain intent from the written terms and go no further." *Ticor Title Ins. Co. v. Employers Ins. of Wausau*, 40 Cal. App. 4th 1699, 1707 (1995); *see also* Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."); *id.* § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . .").

In California, recovery of proceeds under an insurance contract is generally limited to the named insureds. *Bonaparte v. Allstate Ins. Co.*, 49 F.3d 486, 488 (9th Cir. 1994); *see also Russell v. Williams*, 58 Cal.2d 487 (1962) (per curiam). The reason is that "insurance does not insure the property covered thereby, but is a personal contract indemnifying the insured against loss resulting from the destruction of or damage to his interest in that property." *Russell*, 58 Cal.2d at 490.

In its prior order, the court dismissed plaintiff's breach of contract claim, finding that plaintiff was not a party to the insurance contract and plaintiff's rights under the deed of trust do

ORDER RE: MOTION TO DISMISS FAC

1    not support a breach of contract cause of action against State Farm. Dkt. No. 18, at 4–7. The FAC

2    adds several new factual allegations in an attempt to remedy these defects.

3         First, the FAC alleges that Ms. Gyadakyan, as an agent for State Farm, represented to

4    plaintiff that by amending the Policy Declarations page after the fire to name plaintiff as a

5    mortgagee, plaintiff would have all the rights of an insured as if plaintiff had originally been

6    named on Declarations page before the fire and would be named on any settlement check related

7    to the fire. Dkt. No. 21, at ¶ 10. The FAC also alleges that Ms. Gyadakyan represented to plaintiff

8    that the Policy allowed State Farm to add plaintiff as a mortgagee and loss payee, and that there

9    were no exclusions in the policy that would prevent plaintiff from being named on any settlement

10   check for the subject fire, despite his having been added to the Declarations page after the fact. *Id*.

11   Finally, the FAC alleges that it was the "reasonable expectation" of plaintiff, the insureds, and

12   State Farm that plaintiff would be named on any settlement check relating to the fire. *Id*. ¶ 29.

13        What the FAC has added, then, are allegations that State Farm intended to add plaintiff as

14   a named mortgagee after the fact, and represented to plaintiff that this would result in his inclusion

15   in the settlement check State Farm planned to issue to cover the fire loss. Plaintiff argues that

16   because the FAC alleges that plaintiff, the insureds, and State Farm agreed to issue a new

17   Declarations page and to include plaintiff on any settlement check, State Farm's subsequent failure

18   to include plaintiff's name on the insurance payout arising from the fire constitutes breach of the

19   insurance contract. Dkt. No. 27, at 5–7. State Farm, in its motion to dismiss and reply, makes the

20   same general argument it made on the previous motion to dismiss: that named insureds at the time

21   of loss are entitled to receive insurance proceeds, and a party cannot be retroactively added to

22   create such a right absent reformation, the requirements for which have not been plead in this case.

23   Dkt. No. 26, at 6–11.

24        The new allegations in the FAC do not give rise to a viable claim for breach of contract.

25   First, as the court clearly held in its previous order, *see* Dkt. No. 18, at 4–5, first party property

26   insurance, such as that at issue here, "cannot be obtained for damage which has already occurred

27   because the absence of risk precludes coverage." *Montrose Chem. Corp. v. Admiral Ins. Co.*, 10

28   ORDER RE: MOTION TO DISMISS FAC
     14-cv-04827-RMW                                      6

United States District Court
Northern District of California

United States District Court
Northern District of California

Cal. 4th 645, 692 (1995). Plaintiff does not address this issue, and provides no citations to authority in support of its assertions that a party may be added retroactively after the date of loss. While plaintiff's additional allegations in the FAC suggest that an agent of State Farm may have been under the impression that plaintiff could be added retroactively as a loss payee after the date of loss, plaintiff provides no citation to case law suggesting this is permissible in light of *Montrose*, and the court can find none.[2]

Second, the court previously held that an argument based on reformation as a means of retroactively adding plaintiff as a loss payee was precluded by the Ninth Circuit's holding in *Bonaparte.* Dkt. No. 18, at 5. As the court explained in its prior order, reformation requires evidence of mutual mistake.[3] That is, to plead a breach of contract cause of action based on a reformation theory in this case, plaintiff must allege that both the insured and State Farm intended to name plaintiff as a loss payee when they entered into the *original* insurance contract. *Id*. In his opposition, plaintiff argues that reliance on *Bonaparte* is flawed, because in *Bonaparte* there was no document from the insurer that could be interpreted as retroactively adding plaintiff as an additional insured. Dkt. No. 27, at 5. This may be true, but misses the point. If there had been such a document in *Bonaparte*, it would have made no difference as it would reflect the insurer's intentions at the time of the amendment, not at the time the insurance contract was formed. Under a reformation theory, what matters is the parties' mutual intent at the time they entered into the contract which provides coverage. *See Bonaparte*, 49 F.3d at 488. Here, the FAC fails to plead

---

[2] The court has found some non-binding authority on the issue. At least one treatise and one Wisconsin state court case have held that a party may not be added as a named insured or loss payee retroactively. *See* 3 Insurance Claims and Disputes § 11:30 (6th ed.), Additional Insured Provisions ("[S]uppose that an insurer had issued a 1990-91 policy to X and, on July 1, 1990, added an endorsement to the policy making Y an insured. Would Y be entitled to coverage for the damage/occurrences that took place prior to July 1, 1990? The answer is no."); *see also U.S. Fire Ins. Co. v. Good Humor Corp.*, 173 Wis. 2d 804, 496 N.W.2d 730, 736 (Ct. App. 1993) (Where amendment making party an "insured" in the "Persons Insured" provision was made after date of loss, amendment was not operative and party was not an insured under the plain terms of the policy.).

[3] Or unilateral mistake known to the other party, which plaintiff has not alleged.

ORDER RE: MOTION TO DISMISS FAC

that both the insureds and State Farm intended to name plaintiff as a loss payee under the contract before the date of loss.

Despite the new allegations in the FAC, it remains uncontroverted that plaintiff was not a named insured or loss payee under the policy on the date of loss. Dkt. No. 21, at ¶ 9 (several days after the fire, "[o]n or about January 6, 2014, Plaintiff was informed that the property owners failed to designate Plaintiff as an additional insured in violation of the subject deed of trust"). Accordingly, the court finds that plaintiff has failed to make out a cognizable cause of action for breach of contract.[4] Because plaintiff's cause of action for breach of contract fails as a matter of law, defendants' motion to dismiss this claim is GRANTED.

### B. Negligence

Plaintiff's second cause of action alleges that State Farm was negligent in issuing a check to the insureds that did not list plaintiff as a loss payee. Dkt. No. 21, at ¶¶ 41–45. According to plaintiff, State Farm's policy required it to list plaintiff, as a mortgagee, when it paid proceeds under the policy to the insureds. *Id*. at ¶ 43.

The court previously held that plaintiff had conceded that he had no viable negligence cause of action by advancing arguments of bad faith, which is a separate and distinct cause of action. Dkt. No. 18, at 7. The FAC contains the following additional allegation: "[f]rom the time Defendant agreed to add Plaintiff as a mortgagee on the subject Declaration Page up to the issuance of the settlement check, Defendant failed to notify Plaintiff that the despite no time limitations in the Declaration Page and no written exclusions in the subject policy, Defendant never intended to provide Plaintiff with the rights of a mortgagee named at the inception of the policy." Dkt. No. 21, at ¶ 42.

Plaintiff argues that he has alleged more than ordinary negligence, again apparently conceding that California law does not recognize a cause of action for negligence based on an

---

[4] In his opposition, plaintiff also asserts that "Defendant's claim that plaintiff is subject to an exclusion is incorrect." Dkt. No. 27, at 4. This argument is a red herring: State Farm does not argue that plaintiff cannot be added retrospectively as a loss payee because some exclusion in the policy precludes it, but rather because it is precluded under *Montrose*. *See* Dkt. No. 28, at 3.

ORDER RE: MOTION TO DISMISS FAC
14-cv-04827-RMW                                     8

United States District Court
Northern District of California

insurer's handling of a claim. Dkt. No. 27, at 8; *see Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249, 254 (1999) ("Negligence is not among the theories of recovery generally available against insurers."); *see also Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1166 (9th Cir. 1996) (holding that mere negligence is not sufficient to constitute a breach of the implied covenant of good faith and fair dealing owed to insureds). For this reason alone, plaintiff's cause of action for negligence is defective.

In his opposition, plaintiff nevertheless argues that his allegations support a cause of action for negligence. Specifically, plaintiff asserts that the allegations pleaded in the FAC are consistent with the requirements set forth in *Century Sur. Co. v. Polisso*, 139 Cal. App. 4th 922, 949 (2006), *as modified on denial of reh'g* (June 16, 2006). However, *Century* involved a bad faith, or breach of the implied covenant of good faith and fair dealing, cause of action, not one for negligence. *Id.* (holding that "[t]o establish a bad faith claim, the insured must show that (1) benefits due under the policy were withheld and (2) the reason for withholding the benefits was unreasonable or without proper cause."). Here, the FAC pleads a cause of action for negligence, not bad faith.

Accordingly, the court GRANTS defendant's motion to dismiss plaintiff's cause of action for negligence.[5] Plaintiff's cause of action for negligence is dismissed.

### C. Equitable Estoppel

The plaintiff's third cause of action is for equitable estoppel. Although the factual allegations in the third cause of action do not clearly state a claim for promissory estoppel based upon State Farm's alleged promise to put plaintiff's name on the settlement check for the fire loss, the first amended complaint as a whole (including the factual allegations of the first two claims incorporated in the third claim) alleges facts sufficient to state a claim for promissory estoppel. The elements of a promissory estoppel claim are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise was made; (3) reliance that is both

---

[5] Defendants again move to strike plaintiff's prayer for punitive damages. Dkt. No. 26, at 11 fn.1. However, as was the case on the first motion to dismiss, this request is moot in light of the court's dismissal of plaintiff's negligence cause of action, and the court does not address it.

ORDER RE: MOTION TO DISMISS FAC

*United States District Court*
*Northern District of California*

reasonable and foreseeable; and (4) injury suffered by the relying party as a result of his reliance. *US Ecology v. State, Inc.*, 129 Cal.App.4th 887 (2005). Plaintiff satisfies those elements by the following allegations: (1) Rosey Gyadakyan, State Farm's agent, confirmed that "Plaintiff would be named on any settlement check that related to the subject fire," Dkt. No. 21, at 3:21-22; (2) "Plaintiff relied on Defendants statement and took no further action to insure that Plaintiff was to be named on any settlement check paid in regards to the subject fire," *id.* at 10: 13-14; (3) the reliance was under the circumstances alleged was reasonable and foreseeable in that State Farm's agent Rosey Gyadakyan assured plaintiff that his name would be on the check, *id.* at 10:14-15; and (4) plaintiff was injured by State Farm's "issuing a check for $2,850,000 that did not include Plaintiff's name." *Id.* at 5:22-23; 7:17-18.

State Farm suggested at oral argument that the insureds, Karapet Gayanya and Karine Osmanyen, caused the loss and that State Farm's conduct did not cause plaintiff's loss. However, State Farm's failure to do as it allegedly promised was a substantial factor in causing the loss. If it had done what it allegedly promised, the insureds could not have cashed the check. If plaintiff had known that he was not going to be a payee of the settlement check, he could have taken action (such as obtaining a restraining order) to protect himself.

Accordingly, the court treats plaintiff's third claim as one for promissory estoppel and DENIES defendant's motion to dismiss that claim.

### III.  Order

For the foregoing reasons, the court GRANTS State Farm's motion to dismiss plaintiff's causes of action for breach of contract and negligence and DENIES its motion to dismiss the promissory estoppel claim.

**IT IS SO ORDERED**.

Dated: March 31, 2015

_____

Ronald M. Whyte
United States District Judge

ORDER RE: MOTION TO DISMISS FAC
14-cv-04827-RMW                                          10